Philogene Joseph PIERRE, aka Joseph Pierre Philogene, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–70794.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 25, 2008.

Filed Sept. 12, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Theodore J. Angelis, Esquire, Jessica A. Skelton, K & L Gates LLP, Seattle, WA, for Petitioner.

Katharine Clark, Esquire, OIL, DOJ— U.S. Department of Justice, Civil Divi-sion/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Of-fice of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigra-tion and Naturalization Service, Office of the District Counsel, Seattle, WA, for Re-spondent.

Before: T.G. NELSON, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM *

Philogene Joseph Pierre ("Joseph"), a native and citizen of Haiti, seeks review of the BIA's decision affirming the denial of his applications for asylum, withholding of removal, and protection under the Conven-tion Against Torture ("CAT") by the Im-migration Judge ("IJ"). We grant the pe-tition in part and deny it in part.

*Asylum and Withholding of Removal*

■ Because the BIA presumed past persecution, it also was required to pre-sume that Joseph had a well-founded fear of future persecution and that internal re-location would not be reasonable. *See* 8 C.F.R. § 1208.13(b)(1); *id.* § 1208.13(b)(3)(ii); *Boer–Sedano v. Gon-zales*, 418 F.3d 1082, 1090 (9th Cir.2005). The government therefore had the burden of proving "by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate." 8 C.F.R. § 1208.13(b)(3)(ii). *Cf. also id.* § 1208.16(b)(1) & (ii) (same pre-sumption applies in the withholding con-text).

The BIA failed to apply the proper bur-den of proof on relocation and its recitation

---

* This disposition is not appropriate for publica-tion and is not precedent except as provided by Ninth Circuit Rule 36–3.

of that burden was, at best, ambiguous.[1] In conducting its relocation analysis, the BIA improperly focused on the purportedly "localized" nature of Joseph's problems,[2] in essence requiring Joseph to prove that his fear of persecution was countrywide. Because Joseph was entitled to a presumption that internal relocation was not reasonable anywhere in Haiti, the government had the burden to overcome the presumption. That should have been the focus of the analysis. The case must be remanded for the BIA to apply the proper burden of proof. *See, e.g., Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir.2008).

**CAT**

■ Substantial evidence supports the BIA's determination that Joseph failed to prove that it is more likely than not he will be tortured in Haiti due to the possibility of internal relocation. "[T]he legal standard for considering the possibility of relocation is different in the context of a CAT claim than in an asylum claim." *Hasan v. Ashcroft,* 380 F.3d 1114, 1122 (9th Cir. 2004).

**Petition GRANTED IN PART and DENIED IN PART.**

1. The BIA recited the burden of proof as follows:

> We will dismiss the appeal on the basis that even assuming that the respondent is a credible witness, he can internally relocate in Haiti to avoid future persecution. *The question of who has the burden of proof on this issue is a close one,* as the past events experienced by the respondent do not clearly rise to the level of past persecution. However, even assuming that the respondent did meet his burden of establishing past persecution on an enumerated ground, the record establishes by a preponderance of the evidence that the respondent could internally relocate within Haiti to avoid future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B) (emphasis added).

The BIA failed to specify that the *government* had the burden of proof, referring only to the "record" establishing that Joseph could relocate. It is not clear from this statement that the BIA was requiring the government to bear the burden.

2. The BIA stated, "It is notable that the majority of respondent's problems occurred in and around Milot, and that there is no evidence that he is nationally known for his activities. The respondent's problems are therefore localized, and this indicates that internal relocation is a way to avoid any future persecution."